UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

TERRANCE J. JETTER,

                              *Plaintiff*,

      -against-                                            1:25-CV-01285
                                                                  (BKS/TWD)

NYS DEPARTMENT OF TAXATION AND FINANCE,
MATTHEW MCNAMARA, GERARD MILLER, KATHY
WAGNER, RONALD CATALANO,
DANICA LYNN, JESSICA CARKNARD, FRANCINE
SCHOONMAKER, DOUGLAS STAFFORD, MARY RIDER, and
TODD LEWIS

                                         *Defendants*.

_____

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 8(a)(2), 12(b)(1), and 12(b)(5)

                                                       LETITIA JAMES
                                                       Attorney General of the State of New York
                                                       Syracuse Regional Office
                                                       Attorney for Defendants
                                                       300 S. State Street, Ste. 300
                                                       Syracuse, NY 13202

By:    Anna Wright
         Assistant Attorney General, of Counsel
         Bar Roll No. 5090182
         Telephone: (315) 448-4800
         Fax: (315) 448-4853
         E-mail: anna.wright@ag.ny.gov

TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………………...3

PRELIMINARY STATEMENT........................................................................................ …4

ARGUMENT………………………………………………………………………………...4

I: The Complaint should be dismissed under Rule 8, because it fails to provide sufficient notice to Defendants of the legal and factual basis for the Complaint………………………………………………………..………………..4

II: The Complaint should be dismissed under Rules 12(b)(2) and (5), because Plaintiff failed to properly serve any defendant………………………………..7

III: The Complaint should be dismissed as to Title VII, the ADEA, and the NYS-HRL, because Plaintiff failed to exhaust his remedies……………………………9

CONCLUSION................................................................................................................ 10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Beatie and Osborn LLP v. Patriot Scientific Corp.*,
  431 F.Supp.2d 367 (S.D.N.Y May 9, 2006) ................................................................................8

*Branker v. Pfizer, Inc.*,
  981 F. Supp. 862 (S.D.N.Y. 1997) ...........................................................................................10

*Buon v. Spindler*,
  65 F.4th 64 (2d Cir. 2023) .........................................................................................................9

*Darden v. DaimlerChrysler N. Am. Holding Corp.*,
  191 F.Supp.2d 382 (S.D.N.Y. 2002) ..........................................................................................8

*Deravin v. Kerik*,
  335 F.3d 195 (2d Cir. 2003) .....................................................................................................10

*Fantozzi v. City of New York*,
  343 F.R.D. 19 (S.D.N.Y. Oct. 20, 2022) ...................................................................................7

*George v. N.Y.C. Health & Hosps. Corp.*,
  No. 09-cv-3833, 2012 WL 1072274 (E.D.N.Y. Mar. 29, 2012)................................................7

*Hendrix v. Pactiv LLC*,
  488 F.Supp.3d 43 (W.D.N.Y. 2020) ..........................................................................................9

*Howard v. Klynveld Peat Marwick Goerdeler*,
  977 F.Supp. 654 (S.D.N.Y. 1997)..............................................................................................8

*In re IBM Arb. Agreement Litig.*,
  76 F.4th 74 (2d Cir. 2023) .......................................................................................................10

*McGann v. New York*,
  77 F.3d 672 (2d Cir. 1996).........................................................................................................8

*Meilleur v. Strong*,
  682 F.3d 56 (2d Cir. 2012).........................................................................................................9

*Preston v. New York*,
  223 F.Supp.2d 452 (S.D.N.Y.2002) ...........................................................................................7

*Ricciuti v. N.Y.C. Transit Auth.*,
    941 F.2d 119 (2d Cir. 1991) ................................................................................................5

*Salahuddin v. Cuomo*,
    861 F.2d 40 (2d Cir. 1988) ..................................................................................................5

*Soules v. Conn. Dep't of Emer. Servs. & Pub. Prot.*,
    882 F.3d 52 (2d Cir. 2018) ..................................................................................................9

**Federal Statutes**

42 U.S.C.
    § 1981 ..................................................................................................................................6

ADEA ...............................................................................................................................4, 6-7, 9-10

Age Discrimination in Employment Act of 1967 (29 U.S.C.
    §§ 621 to 634) .....................................................................................................................6

Title VII of the Civil Rights Act (42 U.S.C. §§ 2000e-2000e-17) ..................................4, 6-7, 9-10

**State Statutes**

NYS Human Rights Law (N.Y. Exec. Law
    §§ 290-301) .........................................................................................................................6

**Rules**

CPLR
    § 307 ....................................................................................................................................8
    § 307(1) ...............................................................................................................................8

Fed. R. Civ. P. 8(a) .........................................................................................................................5

Fed. R. Civ. P. 8(a)(2) ...........................................................................................................4, 7, 10

Fed. R. Civ. P. 12(b)(1) ..................................................................................................................4

Fed. R. Civ. P. 12(b)(5) ..................................................................................................................4

Federal Rule of Civil Procedure 4(j)(2) .........................................................................................8

Rule 4(m) ........................................................................................................................................9

Rule 8 ................................................................................................................................5

Rule 12(b)(5) and 12(b)(2)..................................................................................................7

Rule 12(b)(6).......................................................................................................................7

Rule 12(d) ...........................................................................................................................8

Rules 12(b)2 and (5) ................................................................................................5, 7, 10

Rules 12(b)(2) and 12(b)(5)................................................................................................7

**PRELIMINARY STATEMENT**

Defendants New York Department of Taxation and Finance, Todd Lewis, Danica Linn, Douglas Stafford, Jessica Carknard, Kathy Wagner, and Ron Catalano respectfully submit this memorandum of law, together with the accompanying Declaration of Anna Wright, in support of their motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) based on lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(5) based on Plaintiff's failure to properly serve defendants, and Fed. R. Civ. P. 8(a)(2) for failure to provide a short and plain statement of the claim showing that Plaintiff is entitled to relief.

*First,* the Complaint should also be dismissed under Rule 8(a)(2) as to all Defendants, because the Complaint fails to meet even the lenient pleading standards allowed for *pro se* litigants. Defendants cannot determine from the Complaint what claims Plaintiff is bringing against them, because the Complaint and its attachments are internally inconsistent.

*Second,* the Complaint should also be dismissed under Rule 12(b)(1) as to all defendants, because Plaintiff failed to exhaust his remedies as required by Title VII, the ADEA, and the NYS-HRL prior to filing the Complaint.

*Third*, the Complaint should be dismissed under Rules 12(b)2 and (5) as to all defendants, because Plaintiff failed to properly serve any of the defendants, including the Department.

**ARGUMENT**

**I.    The Complaint should be dismissed under Rule 8, because it fails to provide sufficient notice to Defendants of the legal and factual basis for the Complaint.**

Rule 8 requires a plaintiff to provide "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the plaintiff is entitled to relief," and "a demand for the relief sought." Fed. R. Civ. P. 8(a). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party

4

fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). In essence, Rule 8 requires a plaintiff to disclose sufficient information to permit the defendant "to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Ricciuti v. N.Y.C. Transit Auth.,* 941 F.2d 119, 123 (2d Cir. 1991). Although courts liberally construe the pleadings of *pro se* litigants, a complaint may be dismissed under Rule 8 if it is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin,* 861 F.2d at 42.

Here, the Complaint fails to give fair notice as to what statutory violations are alleged. As such, it is impossible to for any defendant to effectively answer the Complaint or prepare a defense for trial. This is because the Complaint contains internally inconsistent statements regarding what claims Plaintiff is advancing.

In September 2025, Plaintiff filed a complaint alleging employment discrimination against him since 2009 while employed at the New York Department of Taxation and Finance ("Department"). Plaintiff filled out a form complaint titled "Pro Se 7 (rev. 12/16) Complaint for Employment Discrimination." (ECF 1). On that form, Plaintiff named the Department in the header, but did not name it in the list of defendants. Instead, he named ten current and former employees of the Department as defendants. (*Id.* at 1-4). Plaintiff named the Department employees in their official capacities only.[1] (*See* ECF 1-1; ECF 5). [2]

---

[1] Upon information and belief, Defendants Lewis, Linn, Stafford and Carknard are the only individuals still employed by the Department. Defendant McNamara died in 2022. (ECF 9). Upon information and belief, Defendant Schoonmaker retired in 2023; Defendants Miller and Wagner retired in 2018; and Defendants Catalano and Rider retired in 2017. (*See* ECF 1 at 2-4).

[2] As discussed below, none of the individual defendants have been served and, upon information and belief, some who have separated from the Department are unaware of this lawsuit. Therefore,

As the basis for jurisdiction, Plaintiff checked boxes for Title VII of the Civil Rights Act (42 U.S.C. §§ 2000e-2000e-17) ("Title VII"), the Age Discrimination in Employment Act of 1967 (29 U.S.C. §§ 621 to 634) ("ADEA"), and the NYS Human Rights Law (N.Y. Exec. Law §§ 290-301) (McKinney)) ("NYS-HRL"). (ECF 1 at 5). Despite naming Title VII, the ADEA, and the NYS-HRL as the basis for jurisdiction, under "Relief" Plaintiff alleged only counts pursuant to Title VII and 42 U.S.C. § 1981. (*Id.* at 8). He went on to demand declaratory judgement, compensatory damages, punitive damages, and attorney's fees and costs. (*Id.*)

Under "Statement of Claim," Plaintiff alleged that the defendants failed to hire, train and/or promote him, subjected him to unequal terms and conditions of employment, and retaliated against him. (*Id.* at 6). He further alleged that these violations took place from "2009 to July 2025 (inclusive)" but then claimed that these violations were ongoing. (*Id.*).

In addition to the complaint form, Plaintiff provided two documents that purport to set forth his factual allegations – "Master Narrative: Employment Discrimination & Retaliation Case," and "Attachment to Summons and Complaint: Detailed narrative." (*Id.* at 9-14, 19-29). Within these documents, he included additional legal theories not included in the counts detailed in "Relief", including "preferential treatment based on race/sex" pursuant to Title VII, and various allegations of favoritism towards younger employees pursuant to the ADEA. (*Id.* at 9-12).

As such, the Complaint alleges claims under (1) Title VII, the ADEA, and the NYS-HRL, or (2) Title VII and § 1981, or (3) Title VII and the ADEA. Until the defendants know which statutory allegations Plaintiff is advancing, they cannot effectively argue that he has failed to state a claim under Rule 12(b)(6) let alone prepare for trial. In addition, without clarity on whether these

---

they have not yet sought representation from the New York Office of the Attorney General. However, many of the arguments made in this motion equally apply to these defendants as well.

6

alleged violations are ongoing or ended in July 2025, the defendants also cannot know what evidence is material to a defense or the extent of any potential liability.

The Complaint fails to give sufficient notice such that the defendants can effectively answer it or prepare for trial. As such, the Complaint should be dismissed for failure to comply with Rule 8(a)(2).

### II.   The Complaint should be dismissed under Rules 12(b)(2) and (5), because Plaintiff failed to properly serve any defendant.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Fantozzi v. City of New York*, 343 F.R.D. 19, 25 (S.D.N.Y. Oct. 20, 2022) (citing *Chen v. Best Miyako Sushi Corp.*, No. 16-cv-2012-2021 WL 707273, at *8 (S.D.N.Y. Feb. 1, 2021)). Therefore, insufficient service can result in the dismissal of a complaint under both Rule 12(b)(5) and 12(b)(2). *Id.*; *See, e.g., George v. N.Y.C. Health & Hosps. Corp.*, No. 09-cv-3833, 2012 WL 1072274, at *3 (E.D.N.Y. Mar. 29, 2012) (dismissing a complaint "pursuant to Rules 12(b)(2) and 12(b)(5) for failure to establish personal jurisdiction due to insufficient service of process").

Plaintiff bears the burden of proving the sufficiency of process, and his conclusory statements in his Affidavit of Service are insufficient to meet that burden. *Preston v. New York,* 223 F.Supp.2d 452, 466 (S.D.N.Y.2002); *Howard v. Klynveld Peat Marwick Goerdeler,* 977 F.Supp. 654, 658 (S.D.N.Y. 1997), *aff'd,* 173 F.3d 844 (2d Cir. 1999); *see also Darden v. DaimlerChrysler N. Am. Holding Corp.,* 191 F.Supp.2d 382, 387 (S.D.N.Y. 2002) ("A Court must look to matters outside the complaint to determine whether it has jurisdiction.") In addition, there is no need to hold a preliminary hearing pursuant to Rule 12(d), because Plaintiff's Affidavit of Service establishes conclusively that he failed to properly serve process on any defendant. *See Beatie and Osborn LLP v. Patriot Scientific Corp.*, 431 F.Supp.2d 367, 385 (S.D.N.Y May 9, 2006).

7

In his Affidavit of Service filed on October 6, 2025, Plaintiff avowed that he served the summons and complaint "by certified mail, return receipt requested, pursuant to Federal Rule of Civil Procedure 4(j)(2) and CPLR § 307(1)" to the Office of the Attorney General and the Commissioner for the Department. (ECF 5 at 1). He went on to avow that "service on the agency head and Attorney General constitutes service on all named defendants in their official capacity pursuant to Federal Rule of Civil Procedure 4(j)(2) and CPLR § 307(1)." (*Id.*) However, this service is insufficient, because Plaintiff did not comply with CPLR § 307 to achieve service on the Department. Strict compliance with CPLR § 307 is required to achieve service on the Department, including personal service on the appropriate representative of the New York Office of the Attorney General. As the Affidavit of Service makes clear, Plaintiff relied solely on service by mail to provide notice to the New York Office of the Attorney General. This is insufficient as a matter of law. Since Plaintiff expressly relied on this improper service on the Department to serve the individual defendants in their official capacities, he has also failed to serve the individual defendants properly.

In addition, actual notice does not dispense with the requirements for proper service of process. *See McGann v. New York*, 77 F.3d 672, 674-675 (2d Cir. 1996). Although not a requirement, there is every reason to believe that some defendants did not receive actual notice, since they separated from the Department years before Plaintiff filed the Complaint and the Department no longer has access to their current contact information.

"As to the remedy, Rule 4(m) provides that '[i]f a defendant is not served within 90 days after the complaint is filed, the court...must dismiss the action without prejudice against that defendant or order that service be made within a specified time.'" *Buon v. Spindler*, 65 F.4th 64, 75 (2d Cir. 2023). In the Second Circuit, in addition to the requirements of Rule 4(m), a court must

8

give a plaintiff notice and opportunity to show good cause for failure to effect service before dismissing the complaint. *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012). In this case, the deadline to properly serve the defendants will run on December 14, 2025, unless the Court extends that deadline.

      **III.    The Complaint should be dismissed as to Title VII, the ADEA, and the NYS-HRL, because Plaintiff failed to exhaust his remedies.**

"Exhaustion usually entails filing a charge before the EEOC [Equal Employment Opportunity Commission] or a complaint with a '[s]tate or local agency with authority to grant or seek relief from [the] practice'" of which the plaintiff complains. *Hendrix v. Pactiv LLC*, 488 F.Supp.3d 43, 51–52 (W.D.N.Y. 2020), citing *Lester v. Mount Pleasant Cottage Sch. Union Free Sch. Dist.,* No. 19-CV-5247, 2020 WL 3618969 at *5 (S.D.N.Y. July 2, 2020); *see also Soules v. Conn. Dep't of Emer. Servs. & Pub. Prot.*, 882 F.3d 52, 57 (2d Cir. 2018) (explaining that the plaintiff was required to exhaust administrative remedies with the EEOC or the relevant state administrative agency). Courts have routinely held that dismissal is appropriate on a motion to dismiss where the 'failure to exhaust is clear from the face of the complaint (and incorporated documents).'" *Id.*, citing *Lester*, 2020 WL 3618969 at *5.

Although Plaintiff failed to clarify which statutes he is relying on for relief, most of the statutes alleged require that a plaintiff exhaust their remedies before filing suit. *See Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) (Title VII); *In re IBM Arb. Agreement Litig.*, 76 F.4th 74, 82 (2d Cir. 2023), *cert. denied sub nom. Abelar v. Int'l Bus. Machines Corp.*, 144 S. Ct. 827, 218 L. Ed. 2d 33 (2024) (ADEA); *Branker v. Pfizer, Inc.*, 981 F. Supp. 862, 865 (S.D.N.Y. 1997) (NYS-HRL).

Plaintiff attached his EEOC paperwork to the Complaint, which shows that Plaintiff complained only of two distinct instances of not being internally hired for positions in May and

9

July 2023. (ECF 1 at 15). In contrast, the Complaint discusses a wide range of other incidents dating back to 2009. In addition, Plaintiff made no mention of the NYS-HRL or any of the defendants other than the Department. Clearly, the allegations in the Complaint were not presented to the EEO and, accordingly, were not properly exhausted.

## CONCLUSION

The Complaint should be dismissed as to all defendants for three reasons. *First*, the Complaint does not give the defendants sufficient notice and should be dismissed pursuant to Rule 8(a)(2). *Second*, Plaintiff failed to serve the Complaint properly on any defendant, and dismissal is appropriate pursuant to Rules 12(b)(2) and (5). *Third*, Plaintiff failed to exhaust his remedies as required by Title VII, the ADEA, and the NYS-HRL.